**WALTER M. YOKA, (SBN.: 94536)**
wyoka@yokasmith.com
**R. BRYAN MARTIN, (SBN.: 221684)**
bmartin@yokasmith.com
**BRET R. HENRY, (SBN.: 244868)**
bhenry@yokasmith.com
**YOKA | SMITH, LLP**
445 South Figueroa St., 38th Floor
Los Angeles, California 90071
Phone: (213) 427-2300
Fax:    (213) 427-2330

Attorneys for Defendants, MOBILE HI-TECH WHEELS, LLC and WHEEL PROS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JOHN CLEMENT, KIMBERLY CLEMENT and JOHN CLEMENT as successor-in-interest to JOSH CLEMENT,<br><br>             Plaintiffs,<br><br>vs.<br><br>MOBILE HI-TECH WHEELS, LLC, WHEEL PROS, LLC, and DOES 1-20, Inclusive<br><br>             Defendants. | Case No.: 2:22-CV-6854<br><br>**NOTICE OF REMOVAL** |

///

///

# NOTICE OF REMOVAL

Defendants, MOBILE HI-TECH WHEELS, LLC, and WHEEL PROS, LLC (hereinafter "Defendants"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, respectfully request the above-captioned matter be removed from the Superior Court of the State of California, County of Los Angeles where it has been assigned docket number 22STCV18462 to the United States District Court for the Central District of California, Western Division. In support of this Notice of Removal, Defendants state as follows:

## I. INTRODUCTION

1. On June 6, 2022, Plaintiffs commenced this action in the Superior Court of the State of California, Los Angeles, styled JOHN CLEMENT, KIMBERLY CLEMENT, and JOHN CLEMENT as successor-in-interest to JOSH CLEMENT v. MOBILE HI-TECH WHEELS, LLC, WHEEL PROS, LLC, WHEEL PROS HOLDINGS, LLC, and DOES 1-20, et al., and it was assigned docket number 22STCV18462. On August 23, 2022, Plaintiffs filed a First Amended Complaint dismissing Wheel Pros Holdings, LLC and maintaining claims against Defendants Mobile Hi-Tech Wheels, LLC and Wheel Pros, LLC.

2. All named Defendants were served with a copy of the initial Summons and Complaint via personal service on their registered agents. As of the filing of this Notice, Plaintiffs have not served Defendants with the First Amended Complaint. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendants are attached hereto as **Exhibit A.** Copies of the Proofs of Service of the Summons and Complaint are attached hereto as **Exhibit B**.

3. This lawsuit is a civil action within the meaning of 28 U.S.C. §§1441(a) and 1446(b). A true and correct copy of the docket sheet maintained by the Los Angeles Superior Court, is also attached hereto as **Exhibit C**.

4. In their First Amended Complaint, Plaintiffs plead five counts alleging negligence, negligence – products liability, strict products liability – manufacturing

defect, strict products liability – design defect, and strict products liability – failure to warn. Plaintiffs allege that on June 11, 2020, Josh Clement was killed in Montana when a wheel fractured in two during inflation of a tire. The wheel is alleged to be designed, manufactured, distributed, and sold by Defendants.

5. Removal to the District of California is proper, as it is the district embracing the state court where the case was pending prior to removal. *See* 28 U.S.C. § 1446(b).

6. Defendants are unaware of any motion(s) currently pending in the state Court proceeding as of the filing of this Notice of Removal.

7. This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because Defendants have satisfied the procedural requirements for removal and this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiffs are residents of Missoula County, Montana and citizens of the State of Montana. (*See* Exh. A, Plaintiffs' First Amended Complaint ("FAC"), ¶12). Defendants Mobile Hi-Tech Wheels, LLC and Wheel Pros, LLC are citizens of Delaware and Colorado.

8. As fully set forth below, this Notice of Removal is timely. Neither the initial Complaint nor First Amended Complaint state facts to support removal on its face. Specifically, Plaintiffs, who are citizens of Montana, have misstated the citizenship of Defendants. The Declaration of Defendants' corporate representative, Christopher Krajacic, demonstrate that Defendants are citizens of Delaware and Colorado. Thus, diversity of citizenship is not evident on the face of Plaintiffs' initial pleadings. Accordingly, Defendants' Notice of Removal is timely.

9. By filing a Notice of Removal in this matter, Defendants do not waive their rights to object to jurisdiction over the person, or venue, and the expiration of the applicable statute of limitations, and they specifically reserve the right to assert any other defenses and/or objections to which it may be entitled as a matter of law or equity.

///

///

## II. VENUE

10. The United States District Court for the Central District of California, Western Division is the federal judicial district embracing Los Angeles, California, the place where this action was pending at the time of removal. 28 U.S.C. § 1441(a).

## III. DIVERSITY JURISDICTION

11. Defendants' basis for removal to federal court is diversity jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiffs and Defendants and on information and belief, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

12. According to the Complaint and First Amended Complaint, Plaintiffs are residents of Missoula County, Montana and citizens of the State of Montana. (*See* Exh. A, Plaintiffs' First Amended Complaint ("FAC"), ¶12).

13. In their initial Complaint, Plaintiffs alleged that 1) Defendant MOBILE HI-TECH WHEELS, LLC is a limited liability company with its principal place of business in the City of Compton, Los Angeles County, State of California (Exh. A, Complaint, ¶13), that 2) Defendant WHEEL PROS, LLC is a limited liability company doing business in Los Angeles, California (Exh. A, Complaint, ¶14), and that 3) members and/or sub-members of Defendant WHEEL PROS HOLDINGS, LLC are citizens of California (Exh. A, Complaint, ¶15). Plaintiffs' First Amended Complaint alleged the same with regard to Defendants Mobile Hi-Tech Wheels, LLC and Wheel Pros, LLC (Exh. A, FAC, ¶¶12-13), and further dismissed Defendant Wheel Pros Holdings, LLC. At all relevant times, Plaintiffs misstate or omit Defendants' citizenship in the initial Complaint and First Amended Complaint. Pursuant to the Declaration of Christopher Krajacic, attached hereto as **Exhibit D**, Defendants' citizenship at the time of the state court filing and at the time of removal is as follows:

    a) Mobile Hi-Tech Wheels, LLC, whose sole member is Wheel Pros, LLC, is a single member Limited Liability Company organized under the laws of the state of Delaware and the principal place of business in the State of Colorado.

  b) Wheel Pros, LLC, whose sole member is Wheel Pros, Inc., is a single member Limited Liability Company organized under the laws of the state of Delaware and the principal place of business in the State of Colorado.

  c) Wheel Pros, Inc., a Delaware corporation with its principal place of business located in Greenwood Village, Colorado.

14. The Complaint and First Amended Complaint also refer to fictitious "Doe" defendants. However, the citizenship of defendants identified by fictitious names plays no role in assessing diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1).

15. Thus, for the purpose of diversity jurisdiction, each of the defendants is a citizen of Delaware and/or Colorado. None of the defendants is a citizen of the state of California in which the action is pending and Plaintiffs are not citizens of the same states as Defendants. Therefore there is complete diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1).

16. Furthermore, although Defendants deny that Plaintiffs are entitled to any monetary relief whatsoever, it is evident that the amount in controversy exceeds $75,000.00, exclusive of costs and interest. *See* 28 U.S.C. § 1332(a).

17. Under § 1446(a), a defendant seeking to remove a case must include in its notice of removal "a short and plain statement of the grounds for removal." To determine whether the jurisdictional amount in controversy has been met, the Court may make an independent evaluation of the monetary value of the claim based on the allegations in the First Amended Complaint and the assertions and proof set forth in this Notice of Removal to determine whether the preponderance of the evidence indicates that the jurisdictional threshold has been met. *See Missouri ex. rel. Pemiscot Cnty. v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995).

18. Although Plaintiffs' First Amended Complaint did not specify the exact amount of damages sought, the First Amended Complaint seeks to recover damages for the alleged wrongful death and survivorship of decedent Josh Clement as well as punitive damages in connection with the survivorship claim. (*See* Exh. A, FAC, at ¶¶ 22-25, 33-

36, 42-45, 53-56, 65-68, 69-71, and Prayer for Damages, page 17 lines 8-25). Among other relief, Plaintiffs' First Amended Complaint seeks general damages for physical, mental and emotional distress damages suffered by Plaintiffs, and all pre-death pain and suffering to Plaintiffs' decedent; special damages for medical expenses, loss of earnings and earning capacity, loss of household services, funeral expenses, financial support, and gifts; and punitive damages. (*Id*).

19. Based on the nature of the claims in the First Amended Complaint, coupled with the fact that Plaintiffs seek punitive damages, if successful, Plaintiffs' claimed damages exceed the jurisdictional amount in controversy. Accordingly, this case is removable 28 U.S.C. § 1441 *et seq* and this Court has original jurisdiction of this action based on complete diversity of citizenship of the parties under 28 U.S.C. § 1332 and because the amount in controversy, exclusive of interest and costs, is in excess of $75,000. *See* 28 U.S.C. § 1332(a)(1).

## IV. NOTICE OF REMOVAL IS TIMELY

20. While 28 U.S.C. § 1446, calls for the notice of removal to be filed within 30-days after the receipt by the defendant, through service of a copy of the initial pleading setting forth the claim for relief upon which such action is based, the 30-day removal period is only triggered where the facts supporting removal are evident on the face of the complaint or other pleading. Notice of removability is determined by the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The grounds for removal must be unequivocally clear, certain, and revealed affirmatively in the initial pleading to start the 30-day removal period running. *Harris*, 425 F.3d at 693 (9th Cir. 2005); *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021).

21. Defendant Mobile Hi-Tech Wheels, LLC was served with the Summons and Complaint on June 9, 2022, and filed a responsive pleading on August 26, 2022. Defendant Wheel Pros, LLC was served with the Summons and Complaint on June 27, 2022. Defendant Wheel Pros, LLC filed an Answer on September 13, 2022. Wheel Pros

Holdings, LLC was served with the Summons and Complaint on June 27, 2022, and August 11, 2022, and subsequently dismissed by the filing of the First Amended Complaint on August 23, 2022. Plaintiffs have not yet served the First Amended Complaint on Mobile Hi-Tech Wheels, LLC or Wheel Pros, LLC.

22. At all relevant times, the facts supporting removal were not evident on the face of the initial Complaint or the First Amended Complaint. The initial Complaint alleged incorrectly that 1) Defendant MOBILE HI-TECH WHEELS, LLC is a limited liability company with its principal place of business in the City of Compton, Los Angeles County, State of California (Exh. A, Plaintiffs' Complaint, ¶13); 2) Defendant WHEEL PROS, LLC is a limited liability company doing business in Los Angeles, California with headquarters and a factory in Rancho Dominguez, California (Exh. A, Plaintiffs' Complaint, ¶¶ 14 and 16); and 3) members and/or sub-members of Defendant WHEEL PROS HOLDINGS, LLC are citizens of California (Exh. A, Plaintiffs' Complaint, ¶15). While Plaintiffs' First Amended Complaint dismissed Wheel Pros Holdings, LLC, it contained the same erroneous jurisdictional allegations as to Defendants Mobile Hi-Tech Wheels, LLC and Wheel Pros, LLC which, if true, would have destroyed diversity in the case. (Exh. A, FAC, ¶¶12-13). The Complaint and First Amended Complaint also omitted any reference to the state in which Defendants or their members were alleged to have been formed.

23. As expounded above, each of the defendants and their members are headquartered in Colorado and formed under the laws of Delaware. As such, the facts supporting removal are not evident on the face of the Complaint or First Amended Complaint and the 30-day removal period was never triggered by Plaintiffs' Complaint or First Amended Complaint.

24. Moreover, Defendants have not waived their right to file a removal where it is not apparent from neither the Complaint nor First Amended Complaint that the action was removable. Therefore, Defendants removal is timely.

///

## V. NOTICE TO PLAINTIFFS AND STATE COURT

25. Pursuant to 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal with the United States District Court for the Central District of California, Western Division, Defendants will file with the Superior Court of California, Los Angeles County, and serve upon Plaintiffs' counsel a Notice of Removal (attaching a copy of this document) advising the state court and Plaintiffs' counsel that Defendants have removed this action to the United States District Court for the Central District of California, Western Division.

## VI. DEMAND FOR JURY TRIAL

26. Defendants demand that trial of this matter be before a jury.

By filing this Notice of Removal, Defendants do not waive their right to raise any potential affirmative defenses, including, but not limited to a lack of personal jurisdiction, failure to state a claim, or for inconvenient forum. Further, by filing this Notice of Removal, Defendants do not expressly admit any of the allegations contained in the First Amended Complaint.

WHEREFORE, Defendant, MOBILE HI-TECH WHEELS, LLC and WHEEL PROS, LLC respectfully request that this action be removed from the Superior Court of California, County of Los Angeles to the Central District of California, Western Division.

Date: September 22, 2022

YOKA | SMITH, LLP

By: *[signature]*
WALTER M. YOKA
R. BRYAN MARTIN
BRET R. HENRY
Attorneys for Defendants,
MOBILE HI-TECH WHEELS, LLC
and WHEEL PROS, LLC