UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.: 2-22-cv-6854-AB-RAO | Date: December 15, 2022 |

Title: *John Clement v. Mobile Hi-Tech Wheels, LLC et al*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

Proceedings:  [In Chambers] ORDER <u>DENYING</u> PLAINTIFF'S MOTION TO REMAND CASE

### I. Background

On June 6, 2022, Plaintiffs filed a wrongful death action against Defendants in Los Angeles Superior Court. (*See* Dkt. No. 1-1 at 5, "the Initial Complaint.") On August 23, 2022, Plaintiffs filed their First Amended Complaint, (*See* Dkt. No. 12), and on September 22, 2022, Defendants filed a Notice of Removal. (*See* Dkt. No. 1, "Notice.")

Plaintiffs filed this instant Motion to Remand Case to Los Angeles Superior Court ("Motion") on October 21, 2022. (*See* Dkt. No. 11.) Defendants filed their Opposition on October 28, 2022, (*see* Dkt. No. 13), to which Plaintiffs filed their Reply on November 4, 2022. (*See* Dkt. No. 14.) The Court held a hearing on Plaintiffs' Motion on November 18, 2022, and, having carefully considered the papers and evidence submitted by the parties, and, having heard the oral argument

of counsel, took Plaintiffs' Motion under submission.  For the reasons set forth below, the Court now **DENIES** Plaintiffs' Motion.

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in a state court to a district court if the plaintiff(s) could have originally filed the action in federal court.  Removal is thus only proper if the district court possesses original jurisdiction over the issues alleged in the state court complaint.  *See* 28 U.S.C. § 1441(a).  When an action is removed from state court, the removing party bears the burden of demonstrating that removal is proper.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

28 U.S.C. §1446(b) sets a thirty-day deadline to remove an action to federal court.  Where "the basis for removal is clear from the complaint (or other initial pleading)," the thirty-day clock begins to run "from the date a defendant receives the initial pleading."  *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090 (9th Cir. 2021); *see also* 28 U.S.C. §1446(b)(1).  "This is the first pathway to removal."  *Id.*  But where "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. §1446(b)(3).  "This is the second pathway to removal."  *Dietrich*, 14 F.4th at 1090.  The second pathway's removal clock "does not start until a paper makes a ground for removal 'unequivocally clear and certain.'"  *Id.* at 1091.

## III.     Analysis

### A. The Court has Subject Matter Jurisdiction

Under the diversity statute, 28 U.S.C. § 1332, a federal district court has original jurisdiction where (1) the parties are completely diverse; and (2) the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  The parties do

not dispute that complete diversity exists in this case. Plaintiffs are residents of Missoula County, Montana and citizens of the State of Montana. The remaining Defendants, Mobile Hi-Tech Wheels, LLC and Wheel Pros, LLC, are citizens of Delaware and Colorado. (Dkt. No. 1 ¶7; Exh. A ¶12). It is likewise apparent—and does not appear to be disputed—that the amount in controversy exceeds $75,000. The motion before this Court is instead animated by a straightforward question: Was removal untimely pursuant to 28 U.S.C. § 1446(b)(1)?

### 1. Section 1446(b)(1) Does Not Bar Removal

#### a. Removal was not evident on the face of the initial complaint

As noted *supra*, Plaintiffs filed their Initial Complaint in Los Angeles Superior Court on June 6, 2022. (*See* Dkt. No. 1-1 at 5.) Plaintiffs' Initial Complaint named as Defendants: (1) Mobile Hi-Tech Wheels, LLC ("Mobile"); (2) Wheel Pros, LLC ("Wheel Pros"); (3) Wheel Pros Holdings, LLC ("WP Holdings"); and (4) Does 1-20[1]. Mobile was served with Summons and Complaint on June 9, 2022. (Dkt. No. 1 ¶ 21.) Wheel Pros was served on June 27, 2022, and WP Holdings was served on August 11, 2022. (*Id.*) Relevant here, Plaintiffs' Initial Complaint contained the following allegation regarding WP Holdings' citizenship:

> Plaintiffs are informed and believe, and thereon allege, that the members and/or sub-members of Defendants WHEEL PROS HOLDINGS, LLC are citizens of California.

(Compl. ¶ 14.) On August 23, 2022, Plaintiffs filed their First Amended Complaint, dismissing WP Holdings as a Defendant in this matter. (*See* Dkt. No. 12). The remaining Defendants—Mobile and Wheel Pros—filed a Notice of Removal on September 22, 2022, precisely 30 days later. (*See* Dkt. No. 1.) Plaintiffs' Motion contends that this Notice of Removal was untimely, and thus that remand is required.

In *Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689 (9th Cir. 2005), the Ninth Circuit considered:

---

[1] In determining whether a civil action is removable on the basis of diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441 (b)(1).

> [W]hether the jurisdictional facts supporting removal of an action from state court to federal court must be apparent from the face of the initial pleading or whether the mere spectre of removability triggers a duty of inquiry. Specifically, is removability determined by the face of the initial pleading or by defendant's knowledge, constructive or otherwise, of the requisite jurisdictional facts?

*Id.* at 690. The Ninth Circuit determined that the *mere spectre of removability* triggers no such duty, holding instead that the thirty-day removal clock begins to tick "'only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 690-91 (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)).

As noted *supra*, Plaintiffs alleged that "the members and/or sub-members of Defendants WHEEL PROS HOLDINGS, LLC are citizens of California." (Dkt. 1-1 ¶ 14.) 28 U.S.C. § 1441(b)(2), colloquially known as the forum defendant rule, states as follows: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Because Plaintiffs' initial complaint alleged that WP Holdings was a citizen of California (and thus a citizen of the State in which this action was brought) the initial complaint did not affirmatively reveal the facts necessary for federal court jurisdiction.

Plaintiffs point to this Court's decision in *Dechow v. Gilead Sciences, Inc.*, 358 F. Supp. 3d 1051 (C.D. Cal. Feb. 8, 2019), for the proposition that "the forum-defendant rule provision precludes removal 'only when the [in-state] defendant has been properly joined **and** served.'" (Dkt. No. 14 at 2:14-16 (quoting *Dechow*, 358 F. Supp at 1054.)) Removal prior to the service of a forum defendant, commonly known as "snap-removal," is the subject of substantial debate. It is one thing, though, to hold, as this Court did, that out of state defendant(s) *may* snap-remove a civil action prior to the service of the in-state defendant(s). It is quite another to hold that Defendants *must* snap-remove an action lest they forfeit their right of removal all together. *Harris* is clear that "the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." *Harris*, 425 F.3d at 695. It is axiomatic that complaints do not contain information regarding the future service of Defendants.

Thus, a Complaint cannot affirmatively reveal the ground for removal on the basis of a not yet served Defendant.[2]

Plaintiffs further argue that their allegations as to WP Holdings' citizenship are irrelevant because "a removing defendant 'is presumed to know the facts surrounding its own citizenship.'"  (Dkt. No. 11 at 6:12-13 (*quoting Guttierrez v. FCA US LLC,* 2020 WL 1975367 at *1 (C.D. Cal. April 24, 2020.)))  Plaintiffs aver:

> Defendants not only have joint representation by the same counsel, but they also have the same single declarant testifying to their citizenship.  In fact, the basis of both Defendants' citizenship is precisely the same. . .Both Defendants are presumed to know this jurisdictional fact on the first day the lawsuit was filed.

(*Id.* at 7:13-22.)  But as Defendants argue, "[t]he issue before the Court is not whether the Remaining Defendants had knowledge of their own citizenship, but the citizenship of an entirely different entity [WP Holdings] that was alleged to have member(s) that were California citizens."  (Dkt. No. 13 at 2:7-10.)  More precisely, the issue before the Court is whether Defendants *were required* to ascertain the knowledge of the citizenship of an entirely different entity.  Here, too, *Harris* guides the inquiry: "We will not require courts to inquire into the subjective knowledge of the defendant['s] [citizenship], an inquiry that could degenerate into a mini-trial regarding who knew what and when."  425 F.3d at 695 (quoting *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997)). Plaintiffs ask not only that this court inquire into Defendants' subjective knowledge regarding WP Holdings' citizenship, but also that this Court discard entirely Plaintiffs *own allegations* regarding the same.  To do so would be inconsistent both with binding precedent and common-sense: Defendants are not responsible for Plaintiffs' pleading error.  Indeed, as Plaintiffs' own Motion points out, "[t]he factual background is taken from the allegations of the Complaint, which at this stage of the case are taken as true."  (Dkt. No. 11 at 2:8-10 (citing *McLachlan v. Bell*, 261 F.3d 908, 909 (9th Cir. 2001)).  Because Plaintiffs alleged WP Holdings to be a citizen of California and because Defendants permissibly

---

[2] Even if Plaintiff's argument was supported by *Dechow*—and it is not—*Dechow* is clear that "[N]either the Supreme Court nor the Ninth Circuit has addressed the issue of pre-service removal. . ." *Dechow*, 358 F. Supp. 3d at 1055.  While this Court determined that snap removal is permissible, other district courts have held to the contrary.  *See e.g.*, *Deutsche Bank Nat'l Tr. Co. v. Old Republic Title Ins. Grp., Inc.*, 532 F. Supp 3d 1004, 1018 (D. Nev. 2021) ("Snap removal is not a result that Congress contemplated or intended, and permitting it would obviate the forum defendant rule's purpose.)  Thus, under Plaintiffs' theory, Defendants were *required* to remove pursuant to a rule that several courts within our district have explicitly rejected.

accepted that allegation as true, the grounds for removal were not evident on the face of the initial complaint. As a result, the 30-day removal window did not begin when Defendants received the initial pleading.

### b. Defendants Timely Removed

"[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). This "pathway's removal clock does not start until a paper makes a ground for removal 'unequivocally clear and certain.'" *Dietrich*, 14 F. 4th at 1091.

Here, Plaintiffs filed their first amended complaint on August 23, 2022. (Dkt. No. 1 ¶ 21.) As noted *supra*, Plaintiffs First Amended Complaint removed WP Holdings as a Defendant, naming only (1) Mobile Hi-Tech Wheels, LLC; (2) Wheel Pros, LLC; and (3) Does 1-20. Defendants filed their Notice of Removal 30 days later, on September 22, 2022. *See* F. R. Civ. P. 6(a)(1)(A) ("When the period is stated in days or a longer unit of time[,] exclude the day of the event that triggers the period.") Because Defendants filed their Notice of Removal within 30 days[3] of the filing of the First Amended Complaint, the Court need not reach Defendants' argument that "[a]t all relevant times, the facts supporting removal were not evident on the face of the . . . First Amended Complaint." (Dkt. No. 1 ¶21.)

In sum, Defendants did not remove this action within 30 days of receiving service of the initial complaint because Plaintiffs alleged WP

---

3  At the time that Defendants filed their Notice, "Plaintiffs [had] not yet served the First Amended Complaint on [Defendants]." (Dkt. No. 1 ¶ 21.) In *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999), the Supreme Court held that a "defendant's time to remove is triggered by simultaneous service of the summons or complaint, 'through service or otherwise,' after and apart from service of the summons, but not by the mere receipt of the complaint unattended by any formal service." District courts within the Ninth Circuit are of two minds regarding whether the rule set forth in *Murphy Brothers* applies where the grounds for removal are triggered by the filing of an *amended* complaint. *See e.g.*, *Rosset v. Hunter Eng'g Co.*, 2014 WL 3569332 at *5 (N.D. Cal. July 17, 2014) (holding that *Murphy Bros.* applies with equal force to the filing of an amended complaint); *Dutro v. Hilarides*, 2012 WL 1552772 at *4 (E.D. Cal. May 1, 2012), *report and recommendation adopted*, 2012 WL 1856503 (E.D. Cal. May 21, 2012) (holding that *"Murphy Bros.* is distinguishable on its facts. . . [because] it involved an initial pleading and a defendant that had yet been brought formally into the litigation.") Because Defendants filed their Notice within 30 days of the filing of Plaintiffs' First Amended Complaint, this Court need not determine whether *Murphy Bros.* applies to this instant case.

Holdings to be a citizen of California.   WP Holdings was not named as a Defendant in the First Amended Complaint and the remaining defendants timely removed.   Accordingly, Plaintiffs' Motion must be **DENIED.**